The opinion of the court was delivered by
Poem!, J.
Plaintiff claims damages in the sum of five thousand dollars for alleged violations of a contract of lease, in which the *232 defendants, as lessees, had bound themselves to keep the leased premises in good order and repair during the continuance of the lease, and at the expiration thereof, to surrender the property in a like good order and repair, which they utterly failed to do.
Plaintiff appeals from a judgment which sustained an exception to the effect that his petition, which alleged a passive violation of a contract, contained no averment that the debtor had been put in default.
Plaintiff’s counsel argue with much force that the violation of the contract, disclosed by their allegations, is an active, and not a passive, violation; and that therefore a putting in mora was not an indispensable prerequisite to the demand in damages.
But for the purposes of the conclusions which we have reached in the case, we find it unnecessary to discuss that question.
Conceding, therefore, for the argument, that the alleged violation of the contract is passive, and that the case is controlled by the provisions of Art. 1933 of the Civil Code, we think that plaintiff’s demand on the face of the pleadings is amply protected by the first exception which the Code makes to the article under consideration, and which reads as follows:
“When the thing to be given or done by the contract was of such a nature that it could only be given or done within a certain time, which has elapsed, or under, certain circumstances, which nodonger exist, the debtor need not be put in legal delay to entitle the creditor to damages. ’ ’
Prom the contract, which is annexed (to the petition, it appears that the lease was for a term of five years, and that the clause which has a bearing on the present controversy reads as follows:
“The lessees further obligating themselves to keep the herein leased premises, including all buildings, fences, ditches, improvements, etc., in good order and repair during the continuance of this lease, and at the expiration hereof to surrender the same to the said lessor in the like condition, good order and repair, in which they acknowledge to have received the same.”
And the charge is that in violation of their agreement the defendants allowed the buildings to become dilapidated, the fences to fall, and the ditches to become choked and obliterated, in consequence of which the lessor was damaged in the amount claimed herein.
Under a proper construction of the contract it appears to us that *233 at any time before the expiration of the lease, even a few weeks before that time, the lessees conld have repaired the buildings, rebuilt the fences and reopened the ditches, all in a manner sufficient to have restored the leased premises in the same good order and repair in which they had received them. In such a case the lessor would have had no cause of complaint under the law. It is on the other hand equally clear that it was too late for the lessees to undertake such works and repairs after the expiration of the lease. Hence it follows that the time for action on the part of the lessor did not occur or arise until or before the expiration of the lease, although he had already suffered apparent damages.
But at about that time, the circumstances under which the lessees could restore the leased plantation to proper repair and good order, and which circumstances were their possession of the premises as lessees, had ceased to exist. It is therefore apparent that when the obligation of the lessees to restore the leased premises to good order and repair for the purpose of surrendering the same to the lessor culminated, the latter had yet no authority in law to require the necessary repairs, and that his right only accrued at the very moment that the possession of the premises reverted to him, under the contract. But, as we have said, it was then too late to coerce the lessees to a specific performance, and the law can not impose a useless proceeding, as a prerequisite to a legal demand. Beck vs. Fleitas, 87 An. 493.
We therefore conclude and we hold that in this case the law could not, and did not, require that plaintiff’s demand should have been preceded by a putting in default. In plaintiff’s petition it is averred that nearly a year before the expiration of the lease he had sold and parted with the possession of the leased plantation; and that circumstance is made the ground of a second exception on the part o'f the defendants, who urge that this sale having been made before the time for repairing had elapsed, plaintiff has no interest in the value of said repairs. An easy answer to that contention would be that the lessor is not here claiming the value of the neglected or omitted repairs; his demand is for the damages caused to his property by the neglect or failure of the lessees to make the repairs and works stipulated in the contract.
In his petition he avers that owing to the dilapidated condition of the plantation, as a result of the lessee’s violation of their obligation, *234 he was compelled to accept as purchase price therefor, $5000 less than would have been its actual or market value, if the same had been in proper repair, or in the same order in which the lessees had received it at the commencement of the lease.
We are clear in the opinion that such allegations unquestionably disclose an actionable interest in the complaining lessor. But the present ease is still stronger. Plaintiff alleges that in the act of sale which he made |of the property he specially reserved all his rights and claims as lessor, including in terms the right “to sue for the recovery from the said James and Trager of all damages which the said plantation should have sustained while in their possession.”
It has been held in our jurisprudence that “the purchaser of property is presumed to acquire all actions appurtenant to the property and necessary to its perfect enjoyment; but as to damages actually suffered by the vendor before the sale they are personal to him and can not be recovered by the purchaser without an express subrogation.” Clark vs. Warner, 6 An. 408.
In this case the damages claimed by the lessor were continuous from the beginning to the end of the lease, and an amount of $5000 was alleged to have been already occasioned at the time of the sale, although the right to claim the same had not yet accrued. And the vendor, far from subrogating his right to claim these damages to his vendee, specially reserved his right of action thereunder.
Hence we conclude that there is no merit in the second exception.
We note that the District Judge rested his decree exclusively on the strength of the first exception without reference to the second. But both were means of defence submitted below, and both were proper, subjects of judicial consideration on appeal; and the ends of justice were best subserved by disposing of both at this time. Executors vs. Schenck et al., 41 An. 465.
It is therefore ordered that the judgment appealed from be annulled, avoided and reversed, that the exceptions herein interposed by the defendants be overruled and dismissed at their costs in both courts, and that the cause be remanded to the District Court for further proceedings according to law.
Mr. Justice Fenner recuses himself on account of affinity to plaintiff.